Chief Justice Robertson
delivered the opinion of the court.
Triplett having obtained a judgment against Gillen, at the March term 1829 of the circuit court, on an appeal taken by him from a judgment of a Justice of the peace; the circuit court, after- *565 wards, at its fall term 1830, on the motion of Gillen, made an order for setting aside the judgment, and quashing a fieri facias and replevin bond for the amount of the judgment.
Although the clerk certifies that no summons against the defend’!, is on file amongst the papers, yet if the record state that defendant appeared in court on the trial of the cause, it is error for the circuit judge to set aside the judgment at a subsequent term.
Triplett for plaintiff; Mills and Brovin for defendant.
No cause for this order of the circuit court appears in the record. The clerk certifies that no summons on the appeal was on file, among the papers; and we presume that the circuit judge set aside the judgment because he deemed it ex parte, and therefore void; and, as a necessary consequence, quashed the execution and replevin bond. But the judgment is not void: for even if the clerk had certified that no summons had ever been served or issued, the record states that Gillen appeared in the circuit court on the trial, and that a jury was thereupon sworn to try the appeal. The order setting aside the judgment is, therefore, extra-judicial. .
It may be possible that the execution and replevin bond were quashable for errors apparent in each. The record does not contain either the execution or bond. But it would be unreasonable even to doubt, from the order itself, or any thing in the record, that the only cause for quashing the execution and bond, was that the judgment was set aside. Wherefore, the order of the circuit court must be deemed, in all its parts, erroneous.
Although the writ of error does not, in tolidem ver-bis, complain of the order setting aside the judgment, and quashing the replevin bond, yet we cannot doubt that, by a liberal interpretation, it should be deemed a writ to reverse the entire order of the circuit court.
Wherefore the order setting aside the judgment rendered at a former term, and quashing the execution and replevin bond, is reversed and set aside; and the cause is remanded to the circuit court.